| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br><br>1437 Bannock St.<br>Denver, CO 80202 | EFILED Document<br>CO Denver County District Court 2nd JD<br>Filing Date: Nov 22 2011 11:31AM MST<br>Filing ID: 41018914<br>Review Clerk: Rebecca Mestas |
| **Plaintiff**: JAMES PLUNKETT<br><br>v.<br><br>**Defendants**: OFFICER S. CASTRO, OFFICER ELLERMAN, OFFICER GASCA, SGT. LOMBARDI, SGT. TOWNE, DET. DANNY PEREZ, all law enforcement officers with the Denver Police Department. | ▲ COURT USE ONLY ▲<br><br>Case Number: 10 CV 202<br><br>Division: 368 |
| **ORDER RE: AMENDMENT AND SUMMARY JUDGMENT MOTION** | |

**THIS MATTER** comes before the Court on two sets of fully briefed motions:

  A.  The March 11, 2011 motion of the various Denver police officers for summary judgment. Plaintiff Plunkett responded in opposition to that motion on June 13, 2011, and defendants replied on June 27, 2011.

  B.  The May 6, 2011 motion of plaintiff Plunkett for leave to amend his complaint. Defendants responded in opposition to the motion to amend on May 24, 2011, and plaintiff replied on June 3, 2011.

**THE COURT** having reviewed the motion papers, the court file, and the applicable law, and being fully advised in the premises, determines and Orders as follows:

1.  Background. This matter was originally set on the Court's docket for a ten-day jury trial commencing June 6, 2011. The Court conducted a telephone status conference on May 6, 2011 to address a pending unopposed motion to continue the trial due to back surgery recently undergone by plaintiff's lead counsel. At that time the Court vacated the then-scheduled trial date, and the matter was reset for a five-day jury trial commencing June 25, 2012. The Court addressed several other procedural matters at that time, as reflected in the Court's May 6, 2011 Order. However, at time of the May 6 conference, neither the defendants' summary judgment motion nor the plaintiff's motion to amend complaint were fully briefed and ripe for decision.

**Exhibit G**

2.  <u>Motion to Amend</u>. Because the motion to amend and the summary judgment motion raise interrelated issues, the Court first addresses plaintiff's motion to amend his complaint. Motions to amend once a responsive pleading has been filed are addressed to the discretion of the trial court, and absent certain countervailing circumstances, such motions should be "freely granted," the Court following a liberal approach to allowing amendments so that plaintiff is afforded the opportunity to test his claims on the merits. C.R.C.P. 15(a); <u>Polk v. District Court</u>, 849 P.2d 23, 25-26 (Colo. 1993).

3.  The Court should consider the totality of circumstances in exercising its discretion as to motions to amend. Here, the Court considers that the motion is plaintiff's first request to modify his pleadings. While the motion could be regarded as made on the eve of trial,[1] the scheduled trial was continued for unrelated reasons, without opposition from defendants, and more than ample time exists to develop whatever new information is required before the currently scheduled trial in June 2012. The Court thus sees no prejudice resulting to defendants from delay. Nor does the Court see any evidence of bad faith or dilatory motive on plaintiff's part associated with his motion to amend. The amendments plaintiff seeks, consisting largely of adding a number of claims under 42 U.S.C. § 1983 as companion claims to the original tort claims asserted against defendants and substantial modification of the fact allegations found in the original Complaint, are based on alleged facts which plaintiff contends were developed in deposition discovery conducted in the spring of 2011. While plaintiff may have been slow to conduct such discovery so close to expected trial, the Court sees no basis now, with trial over seven months away, to find this a ground to deny the requested amendments. Nor does the Court consider the proposed amendments futile on the grounds asserted by defendants. To the extent defendants contend such claims are legally barred, the Court considers that such assertions are more properly addressed by dispositive motion or at trial rather than as a "futility" argument opposing a motion to amend under the circumstances of this case. Accordingly, considering the totality of circumstances, the Court determines that the motion to amend is GRANTED, and plaintiff's Amended Complaint for Damages tendered on May 6, 2011 shall be deemed filed as of date of this Order.

4.  <u>Defendants' Summary Judgment Motion</u>. Defendants have filed an extensive and highly fact-oriented summary judgment motion essentially attacking all of plaintiff's original claims. In the Amended Complaint, in addition to asserting nine new claims for relief under 42 U.S.C. § 1983, plaintiff has substantially changed, sometimes by expansion and sometimes by deletion, many of the factual allegations from those asserted in the original Complaint. As defendants' summary judgment motion is directed to the allegations and claims in the original Complaint which is no longer the actionable pleading, the Court concludes that, both in the interests of judicial economy and fairness to all parties, that it should not attempt to sort out all the factual allegations asserted by both defendants and plaintiff in the pending motion papers directed to pleadings no longer operative to determine whether there exist disputed issues of material fact

---

[1] Plaintiff's original complaint was filed on January 8, 2010. The May 6, 2011 motion to amend thus was filed 16 months after the original complaint and only one month before scheduled trial.

which preclude summary judgment and require trial on the merits. Accordingly, the Court DENIES defendants' motion for summary judgment, except as delineated below, but without prejudice to reassert any issues raised in such motion which defendants contend are still viable as to plaintiff's claims as asserted in the Amended Complaint.[2]

5. In his Response to defendants' summary judgment motion, plaintiff concedes certain points which it is therefore unnecessary for defendants to again raise. See Response, page 4. Based on the Stipulations in plaintiff's Response, defendants' motion as to defendant officer Joey Gasca is GRANTED, and defendant Gasca is dismissed from these proceedings. (Officer Gasca is no longer named as a defendant in the Amended Complaint). Similarly, based on plaintiff's Stipulations, the summary judgment motion as to claims against defendant sergeant Danny Perez for assault, battery, malicious prosecution and civil conspiracy are also GRANTED, and such claims are dismissed as to sergeant Perez.

6. In their opposition to permitting plaintiff to amend his complaint, one ground of possible prejudice asserted by defendants pertained to possible additional discovery which might have to be conducted in light of the new claims and allegations. The motion papers reflected that plaintiff's counsel had some knowledge of the possibility of filing the various civil rights claims now asserted when the parties conducted depositions of the various officers, and accordingly the Court is unclear whether additional discovery is needed, and if so how much is reasonable. The parties have ample time to conduct such discovery, if needed, prior to scheduled trial. If there are disputes as to such proposed discovery which the parties are unable to resolve after good faith conferral, or if modifications are required to the presumptive Case Management Order currently in place, those disputes should promptly be addressed to the Court. Any inconsistencies between this Order and the Court's earlier May 6, 2011 Order shall be governed by the current Order.

SO ORDERED this Tuesday, November 22, 2011.

BY THE COURT:

/s/ Norman D. Haglund

Judge Norman D. Haglund
Denver District Judge

---

[2] The Court recognizes that requiring defendants to reassert such parts of their summary judgment motion as they consider still viable in light of plaintiff's Amended Complaint constitutes some prejudice to defendants. The Court does not consider this *undue* prejudice, and has fully considered this circumstance in reaching its decision to permit the Amended Complaint.